HANSON MALPASS v. TOD R. CALDWELL, GOVERNOR, &c.

A person applying for and receiving from a Sheriff a warrant and special deputation to arrest a fugitive from justice, and who executes the warrant and delivers to the Sheriff the person arrested, is not entitled to the reward offered by the Governor for the apprehension of such fugitive.

CLAIM AGAINST THE STATE, upon the following facts agreed:
In September, 1873, his Excellency, the Governor, issued his proclamation, offering a reward of three hundred dollars for the arrest of one Frank Malpass, a fugitive from justice, charged with murder; the reward to be paid to any person who should apprehend said Frank Malpass and deliver him to the sheriff of New Hanover county. In October following, the plaintiff did deliver the said fugitive to the sheriff of New Hanover, who committed him to jail by virtue of process in his hands. About one week before the apprehension and delivery of said fugitive, the plaintiff applied to the Sheriff of New Hanover for a warrant, special deputation, or other authority, to enable him to make the arrest. The Sheriff delivered to the plaintiff the process in his hands against the fugitive, and specially deputized him to execute it. This process plaintiff returned to the sheriff when he produced the body of the fugitive. The sheriff does not, nor ever did claim the reward, or any part thereof, offered by his Excellency. The plaintiff was not, is not now, nor ever has been a regular deputy of the sheriff; and was not, at the time of making the arrest, holding any office under the State.

The Governor refuses to pay the reward to the plaintiff, upon the ground that he acted as the agent or deputy of the sheriff; and is not entitled thereto for the reason that it is the duty of sheriffs and other peace officers to arrest without reward all felons, when in their power to do so; and if the sheriff be not entitled to the reward himself, in case he had made the arrest, his deputy, either general or appointed for the special purpose of making it, is not entitled to receive it, under the maxim, "*qui facit per alium, facit per se.*" The State is not expected to arrest a criminal, through and by virtue of judicial process, and through an officer regularly deputed to make the arrest and then pay the officer a reward for discharging a duty he was bound to discharge, if in his power. All the officer can claim is his regular lawful fees for executing the process.

If the Court be of opinion, upon the foregoing state of facts' that the claimant is entitled to the reward, the Governor will issue his warrant for the same on the Public Treasurer.

*Argo*, for the claimant.
*Hargrove, Attorney General*, contra.

PEARSON, C. J. This action follows *Cotton* v. *Ellis, Governor*, 6 Jones, 545, where the Court allowed an application for a *mandamus*, on the ground that otherwise there might be "a wrong without a remedy." We adopt that case as a precedent, and after hearing the matter fully discussed by counsel learned in the law, and giving to it clear consideration, we declare our opinion to be, that the Governor is under no obligation and is not authorized by law, upon the facts set out on the record, to issue his warrant for the payment of the reward which is claimed by this action.

The purpose of the statute and of the proclamation made in pursuance thereof, is to enlist the active exertions of persons, (who are under no positive obligation to do so) to apprehend

and deliver to the proper authorities fugitives from justice, to the end, that they may be made amenable to the law.

It is a well settled principle of law: "Statutes are to be construed in reference to the purpose for which they are enacted, and although a case may come within the words, the statute does not apply, if the case does not also come within the meaning thereof, to be judged of by a consideration of the purpose for which it was enacted."

A familiar illustration is that of a statute making it a crime to draw blood in the streets of a city. A man walking in the streets falls in a fit; a surgeon being instantly called, bleeds the man. The case comes within the letter, but not within the meaning.

Our conclusion that the present case does not come within the present meaning of the statute is based upon the following considerations:

1. Suppose "a fugitive," after the proclamation, of his own accord, surrenders himself to the proper authorities, can he claim the reward? Certainly not. Why? Not on the technical ground, that he could not "apprehend himself," for the apprehension is a mere incident, and the delivery to the sheriff is the substance of the thing; but upon the broad ground, "no man shall take advantage of his own wrong." Fleeing from justice, when charged with the commission of a crime, is a breach of allegiance to his sovereign; it was his duty to surrender himself to the proper authorities, and he cannot claim a reward for doing so, inasmuch as his wrongful act made it necessary to offer the reward.

2. Suppose a sheriff, having a warrant in his hands, by which he is commanded to arrest a person charged with the commission of a crime, neglects to execute the warrant; afterwards the Governor offers a reward, and the sheriff then arrests the party. Is the sheriff entitled to the reward? Certainly not. Why? Because the warrant imposed upon him a positive duty to make the arrest, and when he executes the warrant he merely discharges his duty, and thereby saves himself

from punishment upon an indictment for misdemeanor in office; and to allow him to claim the reward which his own negligence made it necessary for the Governor to offer, would not only violate the maxim, " no man shall take advantage of his own wrong," but would defeat the policy of the statute, which is to *call in volunteers* by the offer of a bounty, and not to relieve the officers of the law from the discharge of their sworn duty.

3. We now come to our case. The plaintiff applies to the sheriff for a warrant and special deputation to arrest " the fugitive." Thereupon the sheriff hands to the plaintiff the process by which the sheriff is commanded to make the arrest and specially deputizes the plaintiff to execute the process, which he returns to the sheriff together with the body of the fugitive. Under this state of facts is the plaintiff entitled to the reward?

On the one side it is said, if the sheriff had executed the warrant, he would not have been entitled to the reward, consequently his deputy is not entitled to it. *Reply.* Had the arrest been made by a regular deputy of the sheriff, it may be such deputy could not have occupied higher ground than the sheriff himself; but the plaintiff was a volunteer, who was induced to tender his services by reason of the reward which was offered, had he apprehended and delivered " the fugitive " to the sheriff without getting the warrant and deputation, his claim to the reward would not have been questioned, and the circumstance of his getting the warrant and deputation cannot in any way affect the merits of his claim, for the object was to have " the fugitive " delivered to the sheriff, which was done, and it makes no difference whether it be done in the one way or the other. *Rejoinder.* It does make a very material difference; for, by taking the warrant and executing it, *as the deputy of the sheriff*, it is put in his power to return the warrant " executed," and thereby protect himself from an indictment for misdemeanor in office, for his neglect in failing to apprehend " the fugitive," who was lurking in his county, charged with a capital felony.

Our conclusion is, that as the plaintiff, by undertaking to act

for and in the name of the sheriff, relieved him from his official liability, the legal consequences fixes a character upon the transaction which cannot be changed ; and the plaintiff is, by reason thereof, concluded from answering that, in truth, he was not acting as the deputy of the sheriff.

Judgment.   Let the proceeding be dismissed at the cost of the plaintiff.

PER CURIAM.                          Judgment accordingly.